MICHAEL CULLEN, an Infant, by CAROL CULLEN, His Mother, et al., Respondents, v. FRANCIS NAPLES et al., Appellants, et al., Defendants.

Second Department, July 5, 1972.

*Michael Saunders (Edward H. Schiff* and *Harold L. Cowin* of counsel), for appellants.

*Simonson & Cohen; Russo, Dworkin, Taub & Agar P. C.;* and *Cohen & Siegel (Solomon R. Agar* of counsel), for respondents.

SHAPIRO, J. In this action for a declaratory judgment, the judgment under review adjudges that defendant Kleine, at the time of the automobile collision in question, was operating the vehicle owned by defendant Francis Naples, Sr., with the latter's implied permission and consent. The car was then in the custody of Francis Naples, Jr.

The basic claim of the appellant insurer is that it had a right to disclaim coverage under its policy because the automobile was being used by Kleine without the consent of its assured. However, I do not find it necessary to reach that question, as the undisputed proof in this record clearly establishes, in any event, and as a matter of law, that the insurer waited an unreasonable length of time before attempting to disclaim coverage.

When the accident occurred, on October 20, 1969, the policy was in full force and effect. Both Naples, Sr. and Jr., learned of the accident the same day. The very next day the appellant insurance carrier obtained a statement from Naples, Jr. in which he stated unequivocally that the vehicle had been taken and driven by Kleine without his knowledge or consent. The carrier did not disclaim coverage until April 7, 1970, when it sent a letter to the plaintiffs stating: "The disclaimer of coverage has been made on the ground that at the time of the accident of October 29, 1969, Robert Kleine, was operating a vehicle registered in the name of Dr. Francis Naples, without the permission of Dr. Francis Naples, he being the 'named insured' in the policy of automobile liability insurance issued to him by General Accident Fire and Life Assurance Corp., Ltd."

It was then too late to disclaim or deny coverage under the policy for, as Judge BREITEL stated in *Allstate Ins. Co. v. Gross* (27 N Y 2d 263, 267, 269), "Subdivision 8 of section 167 was enacted as part of the Motor Vehicle Accident Indemnification Law, which also created the MVAIC (L. 1958, ch. 759, § 3, as amd. by L. 1959, ch. 650, § 2). On its face it mandates speed in giving notice of disclaimer or denial of coverage. The purpose undoubtedly is concern for the MVAIC and the injured party whose interests will be affected by disclaimer. In the statutory scheme, MVAIC has an obligation to its members, who are insurers (Insurance Law, § 605). It is empowered to investigate claims or defend actions against insureds subject to disclaimers and to pay limited sums in the event the disclaimer or denial is sustained (*id.* §§ 605, 606, 613, 614). Obviously, if it can make its investigation earlier rather than later, the investigation will be more complete. * * *

"The Motor Vehicle Accident Indemnification Law has, in effect, established an absolute rule that unduly delayed disclaimer of liability or denial of coverage violates the rights of the insured, the injured party, and MVAIC."

In the *Allstate* case a delay of seven and one-half months was held to be unreasonable as a matter of law. In my opinion a delay of five and one-half months in denying coverage, after being fully possessed of all the pertinent facts, is also unreasonable as a matter of law (cf. *Rzeznik* v. *East Coast Ins. Co.,* 39 A D 2d 722 [2d Dept., dec. May 1, 1972]).

Accordingly, the judgment appealed from should be affirmed, with costs jointly to respondents appearing separately.

HOPKINS, Acting P. J., and LATHAM, J. (concurring). We agree with the ground upon which Mr. Justice SHAPIRO relies in his opinion and also upon the additional ground that the finding of fact below that the vehicle was operated with the "implied permission and consent" of defendant Francis Naples, Sr. is justified by the evidence.

CHRIST and GULOTTA, JJ. (dissenting). In our opinion, the uncontradicted evidence established that Kleine, the driver of the car, did not have express permission to operate the car at the time of the accident; nor was there evidence from which permission could be reasonably implied (*Barrett* v. *McNulty,* 32 A D 2d 953, affd. 27 N Y 2d 928; *Rachon* v. *Cheuvant,* 37 A D 2d 911). The case should be remanded to the Special Term for determination of the validity of the insurer's disclaimer.

HOPKINS, Acting P. J., and LATHAM, J., concur, with a memorandum; CHRIST and GULOTTA, JJ., dissent and vote to reverse and to remand the case to Special Term, with a memorandum.

Judgment of the Supreme Court, Richmond County, entered March 2, 1972, affirmed, with costs jointly to respondents appearing separately.